**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JUANITA SCIBANA, Executrix of the Estate of John Kovach, ) ) ) | Case No. 1:07CV 2443 |
| Plaintiff, ) ) | Judge Dan Aaron Polster |
| vs. ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| ASPEN WOODSIDE VILLAGE, LLC, et al., ) ) ) | |
| Defendants. ) | |

Before the Court is the Motion to Stay Proceedings Pending Arbitration filed by Defendants CSH ING Woodside Village, LP, Horizon Bay Management, LLC (d/b/a Horizon Bay Senior Communities), Horizon Bay Realty, LLC (f/k/a WHSLH Realty, LLC and Horizon Bay Chartwell, LLC (collectively, "the Horizon Bay Defendants") (hereafter, "Motion to Stay") (**ECF No. 16**). In addition to the Horizon Bay Defendants, the other named Defendants are Aspen Woodside Village, LLC, Aspen Retirement Holdings, LLC, and the Aspen Retirement Community (collectively, "the Aspen Defendants"). The Aspen Defendants have not joined in the Motion to Stay. For the following reasons, the Motion to Stay is **DENIED**.

**I.**

Juanita Scibana, the Executrix of the Estate of John Kovach, has filed this wrongful death action against a plethora of Defendants, all of which appear to have some type of relationship to the Woodside Village Independent and Assisted Living Facility (the "Woodside facility" or "facility") – wherein Kovach resided for three years. The complaint alleges that, on February 3, 2007, Kovach, an 85-year old resident of the facility suffering from dementia, was assaulted by Tracey Stovall, a nurses' aide. Stovall is alleged to have a history of abusing residents of the facility, and to have informed co-workers of her intention to physically harm Kovach prior to assaulting him. Kovach, who suffered a frontal scalp hematoma and cervical vertebral fractures, was transported to a hospital where he died three days later from his injuries. The coroner ruled his death a homicide.

On June 29, 2007, the Executrix filed a complaint asserting wrongful death, survivorship and statutory claims against Defendants in the Court of Common Pleas of Cuyahoga County, Ohio. The Horizon Bay Defendants timely removed the complaint and, less than one month later, filed the pending Motion to Stay.

The Horizon Bay Defendants contend that all the Executrix's claims are subject to a mandatory arbitration provision in the Residency and Services Agreement ("the Agreement") executed between "Aspen" and Scibana, Kovach's then-authorized representative, in February 2006. The provision mandates binding arbitration of:

> all disputes and disagreements between Community and Resident (or their respective successors, assigns and representatives) arising out of the enforcement or interpretation of this Agreement or related hereto or the services provided by Community hereunder, including, without limitation, statutory or common law claims by Resident which the Resident and Community are unable to resolve between themselves . . .

-2-

*ECF No. 16, Ex. A* ("Agreement"), at 8.  The Horizon Bay Defendants assert that "Aspen" assigned the Agreement to "Woodside" (the Horizon Bay Defendants) on May 15, 2006, when "Aspen" conveyed the facility and all its related lease and occupancy agreements to "Woodside." The Horizon Bay Defendants assert that the arbitration provision in question is particularly broad, and that broad mandatory arbitration provisions must be read liberally in favor of arbitration.

The arguments of the Executrix are threefold.  First, the arbitration provision in does not apply to her claims because:  (1) the Agreement was entered between Aspen Retirement Corporation and Kovach's authorized representative (i.e., Scibana);  (2) there is no evidence that Assignor, Aspen Woodside Village, LLP, had the authority to assign the Agreement to anyone; (3) neither Assignor nor Assignee, CSH ING Woodside Village, LP, is a party to the original Agreement;  (4) none of the other named Defendants is a party to the Agreement; and (5) there is no evidence that the Assignor is a successor to Aspen Retirement Corporation.  Although Ohio law carries a presumption in favor of arbitration, that presumption does not apply when there is a question whether the parties before the Court are the same as the parties to the arbitration agreement.  If there is any ambiguity regarding the identity of the parties, such ambiguity must be construed against the drafter of the agreement.

Next, the Executrix argues that the wrongful death claim is not arbitrable because the Executrix had no agreement with any of the Defendants regarding mandatory arbitration of disputes.

Finally, the Executrix argues that the claims are not referable to arbitration because the provision is unconscionable and against public policy.

**III.**

At the outset, the Court notes that the Horizon Bay Defendants concede that the Executrix's wrongful death claim against them is not subject to the mandatory arbitration clause, *see e.g., ECF No. 28*, at 2, and the Aspen Defendants do not assert that the claims against them are subject to arbitration.

Regarding the remaining claims against the Horizon Bay Defendants. Generally, federal and state courts favor the arbitration of disputes subject to a valid arbitration provision. However, "the principle favoring arbitration does not apply when there is a question as to whether the parties before the court are the same as the parties to the agreement to arbitrate." *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 468 (2007). "Thus, before a court can order litigants to submit to an arbitration proceeding, the court must first determine (1) whether the parties before them are the same parties named in the agreement to arbitrate and, if so, (2) whether they agreed to arbitrate the dispute in question." *Id*. (*citing AT&T Tech., Inc. v. Communication Workers of Am.*, 475 U.S. 643, 648-49 (1986)).

It is virtually impossible to untangle the web of corporate entities involved in this case.[1] What is certain, however, is that Aspen Retirement Corporation entered the relevant

---

[1]The Executrix cogently observed:

> As is evident from the Notice of Removal as well as the Corporate Disclosures filed in this matter by the various Defendants, the Defendants and related entities are a sophisticated maze and assorted shell game of various corporations, limited liability companies, limited partnerships, foreign entities, management companies, individuals and a Real Estate Investment Trust, involving at least four different state (Delaware, Colorado, Ohio, Florida) and three different countries (United States, Canada and Australia). Having chosen to organize their affairs with a complicated array of separate legal entities, the Moving Defendants can not now ignore such legal formalities and ignore the separateness of the legal entities, simply because it suits their present interest in this lawsuit.

Agreement with Kovach's authorized representative in February 2006. However, Aspen Retirement Corporation did not assign the Agreement to CSH ING Woodside Village, LP ("CSH") when the facility changed hands. Rather, an entity called "Aspen Woodside Village, LLC" allegedly assigned the Agreement in question to CSH. Notably, the Aspen Defendants themselves contend that it is another entity, "Aspen Retirement Management Company, LLC," that is the only appropriate entity subject to the Executrix's claims. *See Opp. Mem., Ex. H, Email of Aug. 21, 2007 from Douglas Fifner, Esq.* (Aspen's counsel) *to David H. Krause, Esq.* (counsel for the Executrix) ("Would you please amend the complaint and get rid of the 3 entities you have now and substitute Aspen Retirement Management Company as the Aspen Defendant. They were the group that originally hired Stovall.").

The party asking the Court to enforce the mandatory arbitration provision is not the same party named in the Agreement; thus, the Court cannot order the parties to submit their disputes to an arbitration proceeding. *West*, 170 Ohio App.3d at 468 (citing *AT&T Tech.,Inc.*, 475 U.S. at 648-49)). Moreover, it is ambiguous at best whether Aspen Woodside Village, LP, had the authority to assign the Agreement to CSH. Because ambiguities contained in adhesion contracts are to be construed against the drafter, I conclude that the mandatory arbitration provision contained in the Agreement is unenforceable by the Horizon Bay Defendants against the Executrix. *In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 893 n.4 (6th Cir. 1990).

It is also obvious that the Agreement between Aspen Retirement Corporation and Kovach contemplated arbitration of disputes and disagreements relative to the services provided

---

*ECF No. 18* ("Opp. Mem.") at 8.

by the facility to the residents. In this lawsuit, the Executrix alleges that Kovach was killed by the intentional act of a staff member. This is hardly the type of dispute that is reasonably foreseeable, let alone the type of dispute that anyone would have considered submitting to arbitration. *West*, 170 Ohio App.3d at 468 (citing *AT&T Tech.,Inc.*, 475 U.S. at 648-49)).

Even if I were to conclude otherwise, I would still not enforce the arbitration provision because I agree with the Executrix that the provision is procedurally and substantively unconscionable for the reasons set forth in her memoranda. *See Opp. Mem.* at 13-15; *ECF No. 34, Surreply,* at 11-14.

Notwithstanding all the above, I would not stay the litigation of the wrongful death claim under any circumstances since it is the Executrix's most significant claim.

## IV.

Accordingly, the Motion to Stay Proceedings Pending Arbitration (ECF No. 16) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     December 18, 2007*
**Dan Aaron Polster**
**United States District Judge**